THE FLORSHEIM SHOE STORE CO., INC., and THE FLORETTE SHOE COMPANY, INC., Respondents, v. RETAIL SHOE SALESMEN'S UNION OF BROOKLYN AND QUEENS, LOCAL 287, Affiliated with the CONGRESS OF INDUSTRIAL ORGANIZATION and Others, Appellants.— Appeal from an order granting an injunction pendente lite restraining defendants from picketing the premises of the plaintiffs and granting other relief. Order reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Plaintiffs made a closed-shop agreement with a bargaining agent certified by the State Labor Board, after an election participated in by plaintiffs' employees and directed to be held by the State Labor Board. A majority of the employees selected an American Federation of Labor local union as their bargaining agent and a minority group voted for defendant Congress of Industrial Organization's union. After the making of the agreement the defendant minority union persisted in the continuance of the theretofore existing strike and in picketing the plaintiffs. Plaintiffs brought an action for injunctive relief and on motion were accorded relief pendente lite. Defendants appealed from the order and asserted that the complaint was insufficient in law because it failed to set out allegations required by section 876-a, Civil Practice Act. This is advanced on the theory that a " labor dispute " exists in the situation. The New York State Labor Relations Act (Labor Law, art. 20) is susceptible of the interpretation that a " labor dispute " is resolved when during the course of a strike an election is held in which the rival unions participate, and one or the other is selected as a bargaining agent and that bargaining agent makes a closed-shop agreement with the employer. This view may be sustained on the theory that the several unions and the employers have sub-

mitted to the jurisdiction of the Labor Board and are bound by the determination that ensues — at least for the period of one year. Such a view would lead to industrial peace and the avoidance of public disturbance, disorder and unjustifiable economic harm, which are underlying purposes of the State Labor Relations statute as envisaged by the Board. (*Matter of Crystal Cab Corp.*, N. Y. S. L. R. B. decision No. 51, Jan. 15, 1938.) It would also eliminate a fertile field for the practice of oppression or extortion by representatives of rival minority unions or independent groups. Nevertheless, authoritative decisions do not permit this view to be given effect and require the view that a " labor dispute " still persists. (*United States* v. *Building and Construction Trades Council et al.*, 313 U. S. 539, decided April 7, 1941; *United States* v. *United Brotherhood of Carpenters and Joiners of America*, Id., decided April 7, 1941; *United States* v. *Hutcheson*, 312 id. 219; *May's Furs & Ready-to-Wear, Inc.*, v. *Bauer*, 282 N. Y. 331.) Accordingly, the complaint is insufficient in law. Carswell and Johnston, JJ., concur; Lazansky, P. J., concurs in the result; Adel and Taylor, JJ., dissent and vote to affirm the order, with the following memorandum: Upon the undisputed facts, considered in the light of the law of this State, no labor dispute exists here. Therefore, the order appealed from was properly made. Where, as here, an employer has entered into a lawful closed shop agreement with a bargaining agent duly certified by the State Labor Board after a lawful election by that Board directed to be held, at which election plaintiffs' employees duly participated and at which a majority thereof selected as such agent an A. F. of L. union, the minority voting for the defendant C. I. O. union, it seems incongruous to hold that a " labor dispute " exists and that subsequent picketing by that defendant union is lawful. In our opinion, such a dispute cannot legally exist during the term of that valid agreement. Hence the defendants' picketing is tortious and properly the subject of restraint in equity. Such conduct on the part of the defendant union in the instant case seems to be violative of the public policy of this State, as declared in the New York State Labor Relations Act (Labor Law, § 700). Principles relating (1) to the doctrine of *res judicata*, (2) to the validity of a judgment lawfully made, determining the rights of parties to the proceeding in which it is made — here the Board's determination, as above — and (3) to fair play, dictate that, in such a case as this, recognition by the defendant union of the rights of the parties to the agreement shall be had during its term, and, if necessary, compelled. We have not overlooked the Federal cases, cited by our colleagues, which indicate that in analogous situations under the Wagner Act, such picketing as is here involved is countenanced on the theory that a labor dispute still exists. The highest court of our State has not passed upon the exact factual situation here presented. Until it does so our minority views herein will continue to be as stated. *May's Furs & Ready-to-Wear, Inc.*, v. *Bauer* (282 N. Y. 331) does not present the same factual situation as appears in the case at bar. If the Court of Appeals should agree with us of the minority in passing upon the situation here, the Federal rulings, relating to the Wagner Act, while, of course, entitled to respect, would not be binding as a basis for a ruling herein that a labor dispute exists in this case.